# NATIONAL SCHOOL FURNISHING COMPANY
## v.
## WILLIAM O. COLE ET AL.

*Sales—Warranty—School Bonds—Genuineness of—Agency—Express Company.*

In an action to recover the price paid for certain school bonds which were forged, it is *held:* That the evidence does not sustain the finding of the court below that the defendant was the vendor of the bonds; that the plaintiffs purchased of the forwarder through the express company; and that they determined for themselves the genuineness of the bonds and the regularity of their issue.

[Opinion filed February 13, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. OSBORNE BROS. & BURGETT, for appellant.

Messrs. C. H. & C. B. WOOD, for appellees.

MORAN, J.   This is an appeal from a judgment rendered against appellant in the court below for the amount paid by appellees for certain Dakota school bonds purchased by them, which turned out to be forged and spurious.   The controlling question in the case is, did appellees purchase the bonds from appellant?

Appellees were bankers and were engaged in buying and selling bonds, and appellant was in the school furniture business.   Appellant had agents throughout the Northwest selling its school furniture, and when a district or town was offering its bonds for sale, appellant would inform appellees, and in some instances, would arrange to have bonds sent on to Chicago for appellees to purchase at a fixed price.   Appellant sometimes sold a bill of school furniture and got its pay from the proceeds of the sale of bonds, and to that extent it had an

Nat'l School Furnishing Co. v. Cole.

interest in the sale of such bonds, but there is no evidence in this record that appellant ever actually purchased bonds; on the contrary the evidence tends to show that its agents procured bonds to be sent to Chicago to be purchased by appellees at a price which appellees had agreed to pay for them.    The particular transaction involved in this suit was in substance as follows:

On December 20, 1886, the American Express Company sent to appellant the following notice on a postal card:

" We have received to your address, and hold, at your risk, an express package, charges $1.50, collection $630; total to pay, $631.50.   Please call for same and present this notice, or fill out the order below.   Strangers must be identified.

"O. W. BARRETT, agent."

The notice was sent by appellant's secretary to appellees, accompanied by the following note :

" National School Furnishing Company, manufacturers, importers and publishers, Nos. 141 & 143 Wabash ave., Chicago.

" JOHN S. KENDALL, President.

" THOMAS B. SEAVEY, Secretary and Treasurer."

"CHICAGO, Dec. 21, 1886.

" MR. COFFIN—*Dear Sir:*   There are $700 in bonds at the American Express Company's office—see attached card.   If you take them, pay the Ex. Co. $631.50, and give us the balance, $82.50.   I am sorry to trouble you to make this trip, but see no way around it.

" Yours truly,

" THOMAS B. SEAVEY."

Appellees sent their book-keeper to the express office with the card and above note, and the package of bonds was opened and inspected by him, as well as the certificates which accompanied the bonds in the same envelope, purporting to show their authenticity, and that the requirements of law had been duly observed by the officials of " Hill School Township," "County of De Smet," Dakota, in issuing them. Appellees paid the amount of money required to the express company and took the bonds, and sent a check for $82.50 to appellants, with the following letter:

CHICAGO, Dec. 22, 1886.

"As requested, we have paid the express company $631.50, and herewith hand you our check for $82.50 in payment of $700 of bonds of Hill township, De Smet county, Dakota, and also hand you a letter which we find with the bonds, signed by George Benz, treasurer. Will you please inform Mr. Benz that you have made bonds and interest payable at the Chemical National Bank, N. Y.? It is important that he should have notice of this fact; please do not neglect it."

The letter from George Benz mentioned was, so far as its contents is shown by the evidence, an order to appellant for school furniture to the amount of $82.50. Appellees had purchased other Dakota bonds that had been sent on to appellant, and such bonds as came to appellant which appellees did not want were returned to the parties who sent them. There was an arrangement between appellees and appellant, by which appellees were to pay for such seven per cent. Dakota school bonds as they should take at the rate of $102, but in every instance appellees examined the bonds and statements of particulars accompanying them, and for themselves determined the question of the genuineness and regularity of the bonds.

We are unable to find in the circumstances attending the purchase of the bonds in question by appellees, any support for the finding of the court below that appellant was the vendor of the bonds, and liable as a warrantor of their genuineness. The course of dealing by the parties with reference to these bonds seems to us to exclude all basis for an inference that appellees took them on an implied warranty by appellant against their being fictitious. Appellees did not take from appellant, but paid the price of the bonds to the express company for the owner of the bonds, after having inspected the papers and certificates which accompanied them, and determined for themselves from such evidence (which evidence appellant's agent did not prepare and had never examined) the genuineness of the bonds and the regularity of their issue.

The express company, in receiving the money for the bonds, was the agent, not of appellant, but of the person

who forwarded the bonds; and appellees became the purchasers of them from such forwarder, with full knowledge of the facts, and solely upon their own judgment as to their validity and authenticity.    The finding of the court is, in our opinion, erroneous, and the judgment must therefore be reversed and the case remanded.

*Reversed and remanded.*